# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Joey H. Johnson, # 214306 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-cv-02754-JMC |
| | ) | |
| Warden, Broad River Correctional | ) | |
| Institution | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*Pro se* petitioner Joey H. Johnson ("Petitioner") filed a petition for a writ of habeas corpus [Doc. 1] pursuant to 28 U.S.C. § 2254. This matter is currently before the court on the Magistrate Judge's Report and Recommendation ("Report") [Doc. 29], filed on May 31, 2012, recommending the court grant Respondent's Motion for Summary Judgment [Doc. 23] and deny Petitioner's Motion to Stay [Doc. 15]. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without recitation. For the reasons below, the court accepts the Magistrate Judge's Report, grants Respondent's Motion for Summary Judgment, and dismisses Petitioner's habeas corpus petition.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections

1

are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

After receiving the Magistrate Judge's Report and Recommendation, Petitioner timely filed objections. [Doc. 31]. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, this court finds that the majority of Petitioner's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to discern several specific objections to portions of the Magistrate Judge's Report. Petitioner specifically objects that the Report failed to adequately address his claims that his counsel was ineffective in causing him to enter into an erroneous guilty plea, failing to directly appeal his conviction, and failing to preserve issues for federal review or raise certain issues on appeal to the Supreme Court of South Carolina.

After thorough review of the Report and the record in this case, the court finds that the Magistrate Judge adequately addressed each of these issues in his Report. Accordingly, the court agrees with the Magistrate Judge's conclusion that Respondent is entitled to summary judgment.

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 8]. The court **GRANTS** Respondent's Motion for Summary Judgment [Doc 23] and **DENIES** Petitioner's Motion to Stay [Doc. 15]. Therefore, the court **DISMISSES** Petitioner's petition for writ of habeas corpus without an evidentiary hearing.

# CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 28, 2012
Greenville, South Carolina